## VARNUM N. TAYLOR *vs.* ÆTNA LIFE INSURANCE COMPANY.

Under a policy of life insurance, payable in a certain time "after due notice and proof of the death," a physician's certificate of the death is not an essential part of the proof, unless expressly required by the policy, or by a usage of the company made known to the plaintiff before he took the policy.

A person whose life is insured by a policy which permits him to pass by sea between certain ports "on first class decked vessels," does not forfeit the policy by going as a steerage passenger in such a vessel.

ACTION OF CONTRACT on a policy of insurance on the life of Andrew Taylor, for seven years from the 11th of April 1855, in the sum of $700, payable "within ninety days after due notice and proof of the death of said Andrew Taylor, if within the term of this policy," with a condition that the policy should be

void if the said Taylor should, without the consent of the company, indorsed upon the policy, pass beyond the settled limits of the United States or certain of the British Provinces, or west of the Rocky Mountains.

Annexed to the policy was a license, of the same date, from the company, by which, in consideration of an extra premium, said Taylor was "permitted to pass, by sea, in first class decked vessels, from any part of the United States, north of the thirty-ninth degree, north latitude, to and from any port bordering on the Pacific Ocean, and to reside in California," and also "to pass to and from California *via* Chagres and Panama or by the Nicaragua route."

Answer, 1st. That the plaintiffs never "furnished to the defendant sufficient, due and proper preliminary proofs of the death of the said Andrew Taylor, and of the time, circumstances and occasion of his said death, if the same occurred, nor any such as by law and usage in such case are reasonably required and by the terms of said policy provided for." 2d. That Andrew Taylor had not conformed to and performed the conditions and requirements of the policy, "for that the said Taylor, at the time of his said death, as claimed by the plaintiff, was on board the steamship Sierra Nevada on her passage from San Juan del Sur in the Republic of Nicaragua, Central America, to San Francisco, California, as a steerage passenger, and not as a first class passenger, by reason of which, and the unusual hazards incident to a steerage passage, the defendants are discharged from any liability to the plaintiff on account of the death of said Taylor as claimed by the plaintiff."

The parties submitted the case to the court upon the following agreed statement:

"Upon the first ground of defence stated in the answer, it is admitted by the plaintiff that no affidavit or certificate of the attending physician, as to the circumstances and occasion of the death of Andrew Taylor, was ever furnished to the defendants; although the plaintiff was informed, at the time he gave the notice and furnished certain other proofs of such death, that the defendants held such certificate or affidavit to be essential, and

that, until furnished, the proof would not be considered complete, nor the loss payable. It is admitted that the ship's physician was present and attending during the sickness and at the time of the death of said Taylor; and the plaintiff offers no excuse for not furnishing such certificate, except the inconvenience and expense of sending to the Pacific Coast to obtain it.

" The defendants admit that notice and proofs of the fact of the death of said Andrew Taylor were furnished to them by the plaintiff on the 10th of February 1856, which were deficient only by reason of the absence of such certificate or affidavit of the attending physician; and the defendants claim that by the terms and reasonable intendment of the contract, and by the usage and understanding of this and other life insurance companies, such affidavit or certificate is a requisite and essential part of the preliminary proof, to be supplied by parties demanding the amount of the policy, under the circumstances aforesaid, and without which no recovery can be had by suit at law.

" Upon the second ground of defence, stated in the answer the plaintiff admits that the said Andrew Taylor was on board the said steamship Sierra Nevada, 'as a steerage passenger.' And the defendants admit that in no other respect did the said Andrew Taylor fail to conform to and perform the requirements and conditions of said policy and the license thereto attached. But the defendants claim that said license, by its terms and reasonable intendment, and by the understanding and usage of this and other life insurance companies, requires the party whose life is insured, when taking passage in a vessel, such as is indicated by said license, to do so as a first class passenger, and that said requirements are broken and departed from by taking passage as a ' steerage passenger; ' and that if it had been known that he was to go as a steerage passenger, the defendants would, according to such understanding and usage, have either charged a much higher rate for such license, or declined to give it altogether.

" Upon the foregoing statement, it is agreed tnat the court shall enter such judgment as either party may be entitled to, and as law and justice require ; it being understood and provided,

however, that if the court shall be of opinion that proof of such understanding and usage as the defendants allege would be competent and material to the proper decision of the controversy, the case shall be remitted to the proper court for trial of such questions by a jury; and further, that if the court shall be of opinion that the plaintiff ought not to recover without furnishing the affidavit or certificate of the physician, he shall be allowed the opportunity to obtain and supply the same, or a sufficient excuse for its absence, with the same effect upon this suit as if furnished originally, except that such equitable adjustment of the costs or interest shall be made upon the final result, as the court may direct."

*J. Wells*, for the plaintiff.

*F. Chamberlin*, for the defendants, in support of the first ground of defence, cited Angell on Ins. §§ 24, 99, 375; 2 Phil. Ins. § 1811 *note;* and of the second, *Taunton Copper Co.* v. *Merchants' Ins. Co.* 22 Pick. 116; 1 Phil. Ins. § 460; Angell on Ins. §§ 24, 99.

Metcalf, J. 1. By the terms of the policy, the sum insured was payable in ninety days "after due notice and proof of the death" of Andrew Taylor. Such notice and proof were therefore prerequisite to the maintenance of this action. The defendants, in their answer, deny that they were furnished by the plaintiff with such proof. They admit, however, in the statement of facts, that there was no defect in the proof of said Taylor's death, unless, in order to constitute due proof thereof, it was necessary to produce a sworn certificate, such as is hereinafter mentioned, of the physician who attended the deceased in his last sickness. The ground taken by the defendants is, that such certificate is a requisite and essential part of the preliminary proof of the death, and made so, not only by the terms and reasonable intendment of the contract contained in the policy, but also by their own usage and understanding, and the usage and understanding of other life insurance companies.

To support this ground of defence, the defendants have introduced (the plaintiff's counsel consenting) a pamphlet issued by them, which they were accustomed to give to claimants on their

37*

policies, and which, it is admitted by the plaintiff, was given to him by the defendants at the time when he presented to them his proof of Andrew Taylor's death.    Under the head of "Proofs of Death Required," that pamphlet contained, among other required proofs, the following : " 1st. A certificate from the physician who attended the party during his last sickness, stating particularly the nature of the disease, its duration, and the time of death."    It was also a part of said required proof that the certificate "should be sworn to before a magistrate or other officer qualified to administer an oath or affirmation."    As this matter is not contained in the statement of facts, we have taken it into consideration solely upon the consent of the plaintiff's counsel that we might.    But, after adding this to the facts regularly agreed upon, we find no defence to the action.    The policy does not embody nor refer to any by-law, requisition, usage or understanding of the defendants as to the kind of proof, which they should require, of the death of Andrew Taylor.    Whatever, therefore, might be such by-law, requisition, usage or understanding, the plaintiff would not be bound thereby.    He is bound only by the policy itself; that is, to furnish " due proof" of the death.    If the defendants would have bound the plaintiff by their by-laws, &c. they should have made the policy, in terms, subject to those by-laws, &c. or in some way have made them a part of the contract contained in the policy.    *Kingsley* v. *New England Mutual Fire Ins. Co.* 8 Cush. 393, 403.

The question, what is due proof, is to be determined by the court, according to the rules of evidence, and not by the defendants nor by any other life insurance companies.    We are not informed what proof of death was presented to the defendants, and it is not necessary that we should know ; for it is conceded by them that the proof was sufficient, if the physician's certificate was not a requisite part of it.

The usage of the defendants to require certain specified proof of death has been relied on in argument.    In the first place, no such usage is duly shown.    In the next place, if it were so shown, there is no pretence that the plaintiff had any notice of

it when he took the policy. He therefore, for that reason, if for no other, could not be bound by it.

2 No authority was cited which sustains the position that Andrew Taylor, by taking passage as a steerage passenger, failed to conform to the license given to him by the defendants, to pass by sea in first class decked vessels, of which the steamship in which he took passage is admitted to be one. And the court do not know, judicially or otherwise, that life is less safe in the steerage, than in any other apartment of a vessel.

*Judgment for the plaintiff.*